IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMMIE LEE BURNS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-10-3428 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, proceeding *pro se*, filed this section 2254 habeas petition challenging the denial of his supervised release and the execution of his sentence. Pending before the Court is respondent's motion for summary judgment (Docket Entry No. 12), to which petitioner filed a response (Docket Entry No. 13).

Based on consideration of the pleadings, the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

**I. BACKGROUND AND CLAIMS**

Petitioner was convicted of aggravated rape in 1983 and sentenced to forty-five years imprisonment. He was released to mandatory supervision on January 12, 2001, which was revoked by the Board of Pardons and Paroles (the "Board") on April 28, 2006. The revocation resulted in petitioner's forfeiture of three years, six months, and fourteen days

street time credit.[1] Petitioner's administrative time dispute resolutions, filed on June 20, 2006, August 10, 2006, and February 8, 2007, were denied by prison officials on April 25, 2007, May 8, 2007, and September 24, 2007, respectively.

Petitioner filed three applications for state habeas relief regarding his claims on August 16, 2007, December 5, 2008, and June 24, 2010. The Texas Court of Criminal Appeals denied the applications on January 9, 2008, May 5, 2010, and September 8, 2010, respectively. *Ex parte Burns*, WR-8,163-04 (Docket Entry No. 7-12); *Ex parte Burns*, WR-8,163-05 (Docket Entry No. 7-14); *Ex parte Burns*, WR-8,163-06 (Docket Entry No. 7-13).

Petitioner filed an unsuccessful section 2254 petition in June of 2010, challenging the state court's determinations in *Ex parte Burns*, WR-8,163-05. *Burns v. Thaler*, C.A. No. H-10-2041, 2010 WL 2487631 (S.D. Tex. 2010).

Petitioner filed the instant federal habeas petition on September 16, 2010, listing two grounds for relief. Some of his arguments are unclear,[2] while others were raised in and rejected by this Court in petitioner's June 2010 lawsuit. However, the Court has liberally construed petitioner's two grounds as raising the following four claims for habeas relief:

(1)  The Board illegally and retroactively applied section 508.149(a) of the Texas Government Code to his 1983 offense, in violation of the *ex post facto* clause.

---

[1] The Board adjusted petitioner's street time credit forfeiture to reflect five earlier release violations that did not result in revocation. (Docket Entry No. 12, Exhibit A.)

[2] For example, petitioner argues in his second ground that, "Parole officials are indefinitely suspending the maximum parole violation penalty without just cause or capacity[.]" (Docket Entry No. 1, p. 7.)

2

(2) Under the mandatory supervision statute in effect in 1983, he was entitled to mandatory supervised release after serving twenty years of his sentence.

(3) The Board denied him street time credit following the revocation of his parole.

(4) Parole and mandatory supervised release regulations and procedures applicable to convictions for aggravated sexual assault are inapplicable to petitioner's conviction for aggravated rape.

Respondent argues that petitioner's claims are time barred and without merit.

## II. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal

principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31. The statutory burden placed on a federal habeas petitioner is "difficult to meet," *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786 (2011), creating a highly deferential standard for evaluating state court rulings, and demands that state court decisions be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

B.  <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact

4

and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. ANALYSIS

A.  <u>No Protected Liberty Interest in Parole</u>

It is unclear whether petitioner is raising a due process claim for the denial of release to parole. To the extent he has raised such claim, it is without merit. Texas state inmates have no constitutionally protected liberty interest in release to parole. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). No basis for habeas relief is shown.

B. <u>Petitioner's First and Second Habeas Claims Cannot Be Reconsidered</u>

In his first and second habeas claims, petitioner posits that he was entitled to mandatory supervised release pursuant to the 1983 version of Article 42.12, §§ 15(a) and (b), Texas Code of Criminal Procedure, and that the Board retroactively applied section 508.149(a) of the Texas Government Code to his 1983 offense, in violation of the *ex post facto* clause. These claims were raised and rejected in petitioner's June 2010 section 2254 petition, and will not be reconsidered by the Court. *See Burns*, at *1-3.

No basis for habeas relief is shown, and respondent is entitled to summary judgment dismissal of these claims.

C. <u>Petitioner's Third Habeas Claim is Time Barred</u>

In his third claim, petitioner complains that the Board denied him street time credit following revocation of his release. Respondent correctly argues that this claim is barred by the applicable one-year statute of limitations.

Under AEDPA, federal habeas corpus petitions are subject to the one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

6

      filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

  Respondent argues that limitations began to run on petitioner's claim on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under section 2244(d)(1)(D). Respondent asserts two possible commencement dates under this provision: January 12, 2001, when petitioner signed the mandatory supervision certificate which warned him that he would forfeit all street time upon revocation; and April 28, 2006, when petitioner's mandatory supervision was revoked and his street time forfeited. Respondent suggests that, in the interest of justice, the later date be used. Accordingly, limitations on petitioner's third claim commenced on April 28, 2006, and expired one year later, on April 30, 2007, absent statutory tolling.

  The record shows that petitioner filed the required time dispute resolution ("TDR") on June 20, 2006, and that prison officials did not respond until April 25, 2007. Under the

7

provisions of *Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010), this tolled limitations for 180 days, which reset petitioner's limitations deadline to October 25, 2007. Petitioner's two subsequent TDR filings raising the same claims had no tolling effect under *Stone*, as they were not required by state law. *Id.* Petitioner subsequently filed an application for state habeas relief challenging his loss of time credit on August 16, 2007, which the Texas Court of Criminal Appeals denied on January 9, 2008. This proceeding tolled limitations for an additional 147 days. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009); *see also* section 2244(d)(2). As a result, limitations on petitioner's time credit habeas claims expired on March 20, 2008. The instant petition, filed on September 16, 2010, is untimely and petitioner's third ground for habeas relief is time barred.

Regardless, petitioner's claim is without merit, as shown under the Court's discussion of petitioner's fourth habeas claim, below.

D.  Petitioner's Fourth Habeas Claim Lacks Merit

Petitioner fares no better under his fourth federal habeas claim, wherein he contends that parole and mandatory release regulations applicable to aggravated sexual assault offenses do not apply to his aggravated rape offense. In support, petitioner argues that he was convicted of aggravated rape under Texas Penal Code Section 21.03, which was subsequently repealed effective September 1, 1983. According to petitioner, his criminal offense no longer exists under Texas state law and he cannot be denied street time credit following revocation of his release. Petitioner is incorrect. Both the Texas Court of Criminal

8

Appeals and the Fifth Circuit Court of Appeals recognize that the state criminal offense previously known as "aggravated rape" and the criminal offense currently known as "aggravated sexual assault" are one and the same offense under state law, reflecting only a change in nomenclature. *See Goodrich v. Livingston*, 294 F. App'x 983, 984-85 (5th Cir. 2008); *Griffith v. State*, 116 S.W.3d 782, 787-88 (Tex. Crim. App. 2003). Accordingly, statutory or administrative regulations applying to the offense of aggravated sexual assault – including the forfeiture of street time and good time credit following revocation of release – would apply to the offense of aggravated rape. This is further shown by the following findings made by the trial court in denying petitioner's state habeas application:

1. Applicant was convicted pursuant to a plea of guilty for the felony offense of aggravated rape in the primary case, cause number 380029;

2. Offenses listed in TEX. GOV'T CODE § 508.149(a) (Vernon 2005) are to include 'predecessors to the enumerated offenses';

3. Applicant's conviction was for a predecessor of Penal Code Section 22.021 (aggravated sexual assault), an enumerated offense in TEX. GOV'T CODE § 508.149(a); and

4. Applicant's sentence is therefore computed without credit for the time from the date [of] Applicant's supervised release to the date of revocation. TEX. GOV'T CODE § 508.283(b).

(Docket Entry No. 17-12, p. 47, case citations omitted). The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.

The state court denied habeas relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal

law, or that it was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissing this issue.

### IV. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 12) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 15 day of August, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE